```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF THE UNITED UNION OF ROOFERS,
WATERPROOFERS AND ALLIED WORKERS
LOCAL 154 WELFARE, PENSION, ANNUITY,
AND APPRENTICESHIP AND TRAINING FUNDS,

                  Plaintiff,         MEMORANDUM & ORDER
                                     15-CV-4176(JS)(AKT)
        -against-

DME CONSTRUCTION ASSOCIATES, and
ACSTAR INSURANCE COMPANY,

                  Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:    Charles R. Virginia, Esq.
                  Nicole Marimon, Esq.
                  Adam Arthur Biggs, Esq.
                  Virginia & Ambinder LLP
                  40 Broad Street, 7th Floor
                  New York, NY 10004

For Defendants:   Michael Marc Rabinowitz, Esq.
                  Rabinowitz & Galina
                  94 Willis Avenue
                  Mineola, NY 11501
```

SEYBERT, District Judge:

Presently pending before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation dated February 27, 2017, (the "R&R," Docket Entry 34), recommending that the Court deny Plaintiffs Trustees of the United Union of Roofers, Waterproofers and Allied Workers Local 154 Welfare, Pension, Annuity, and Apprenticeship and Training Funds' ("Plaintiffs" or the "Funds") motion to approve consent judgment. For the following reasons, the Court ADOPTS Judge Tomlinson's R&R in its entirety.

BACKGROUND

On July 16, 2015, Plaintiffs commenced this action against defendants DME Construction Associates ("DME") and Acstar Insurance Company (collectively, "Defendants"), asserting claims pursuant to the Employee Retirement Income Security Act of 1974 and the Labor Management Relations Act of 1947 with respect to DME's failure to remit employer contributions to the Funds in connection with a collective bargaining agreement. (Compl. ¶¶ 1, 7-11.) On February 8, 2016, the parties filed a Stipulation of Dismissal without prejudice. (Stip., Docket Entry 28.) On February 10, 2016, the Court "So Ordered" the parties' Stipulation of Dismissal and directed the Clerk of the Court to mark this case closed. (Order, Docket Entry 29.)

On March 1, 2016, Plaintiffs filed a motion requesting that the Court approve a consent judgment and enter judgment against DME. (Pls.' Mot., Docket Entry 30.) Plaintiffs allege that they entered into a Stipulation of Settlement with DME in which DME agreed to remit a total of $131,573.00 (the "Settlement Agreement"). (Pls.' Aff., Docket Entry 31, ¶ 6.) On February 9, 2016, Plaintiffs entered into a consent judgment with DME for the total amount of $143,599.67 (the "Proposed Consent Judgment"). (Pls.' Aff. ¶ 8.) Plaintiffs allege that DME failed to remit installments due pursuant to the Settlement Agreement. (Pls.' Aff. ¶¶ 11-13.) Plaintiffs request that the Court enter the

Proposed Consent Judgment and award damages totaling $87,795.20. (Pls.' Aff. ¶¶ 14-15.)

On October 13, 2016, the Court referred Plaintiffs' motion to Judge Tomlinson for a report and recommendation on whether the pending motion should be granted. (Referral Order, Docket Entry 33.)

On February 27, 2017, Judge Tomlinson issued her R&R recommending that Plaintiffs' motion be denied. (See generally R&R.) Judge Tomlinson determined that although Plaintiffs style their motion as a request for approval of the Proposed Consent Judgment, they are effectively seeking enforcement of "the terms of the Stipulation of Settlement as incorporated into the proposed Consent Judgment." (R&R at 7-8.) Judge Tomlinson noted that the District Court did not "So Order" the Settlement Agreement or Proposed Consent Judgment prior to the dismissal of this action, and the Stipulation of Dismissal does not contain any language indicating that the parties intended for the Court to retain jurisdiction to enforce the Settlement Agreement after the case was closed. (R&R at 8-9.) As a result, Judge Tomlinson sua sponte addressed the issue of subject matter jurisdiction and concluded that the Court lacked subject matter jurisdiction to determine Plaintiffs' motion. (R&R at 11-19.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived. Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Tomlinson's R&R (Docket Entry 34) in its entirety. Plaintiffs' motion (Docket Entry 30) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  27 , 2017
       Central Islip, New York